IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACQUELYN L. SCHULTZ** *Administratrix of the Estate of John C. McCluskey, Deceased.* <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Defendant. | CIVIL ACTION NO. 15-454 <br><br> JUDGE JOY FLOWERS CONTI |

## **MEMORANDUM OPINION**

Conti, Chief District Judge.

This action is brought pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671 and 1346(b)(1). The complaint alleges that the United States (the "government" or "United States") was negligent in allowing John McCluskey[1] to be exposed to Legionella bacteria through the potable water system at the Veterans Affairs University Drive hospital (the "VA hospital").

Fact discovery closed on January 21, 2016, and expert discovery closed on August 25, 2016. (ECF Nos. 23, 44). On September 23, 2016, the court issued a case management order with respect to summary judgment filings. (ECF No. 48). Now pending is the government's motion for summary judgment (ECF No. 52), with a brief, concise statement of material facts ("CSMF") and numerous exhibits filed in support (ECF Nos. 53, 54). Plaintiff filed a response and brief in opposition to the motion, responded to the government's CSMF, and submitted

---

[1] Mr. McCluskey died after the lawsuit was filed and Jacquelyn L. Schultz, the administratrix of his estate, was substituted as a party. On September 25, 2015, the court granted the government's motion to dismiss Mrs. McCluskey as a party. (ECF No. 25). For clarity and consistency, the sole remaining plaintiff will be referred to as "Plaintiff" or "McCluskey."

additional facts (ECF Nos. 55, 56, 57). Pursuant to court order, the parties submitted a Joint Statement of Material Facts ("JSMF"). (ECF No. 62). The government filed a reply brief (ECF No. 58), and the motion is ripe for disposition. Plaintiff's filings reveal several fundamental procedural misconceptions which must be addressed as a threshold matter.

**I.      Summary Judgment Standard of Review**

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. *Id*. at 323; *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). Once that burden has been met, the nonmoving party must identify "specific facts showing that there is a genuine issue for trial," or the factual record will be taken as presented by the moving party, and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). An issue is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251 (1986). In assessing the record, a court must view all facts in the light most favorable to the nonmoving party, and must draw all reasonable inferences and resolve all doubts in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005).

## II. Summary Judgment Rules and Procedure

Plaintiff's brief cites Pennsylvania Rule of Civil Procedure 1035 for the proposition that "the non-moving party is not required to respond to the summary judgment motion or to file counter-affidavits." (ECF No. 57 at 8, citing several Pennsylvania court decisions). The reliance by Plaintiff's counsel on the Pennsylvania Rules of Civil Procedure is misplaced. The Federal Rules of Civil Procedure govern this case – not the Pennsylvania Rules. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts. . . ."). The claims arise under a federal statute, the FTCA; the court's subject-matter jurisdiction is based on a "federal question," not diversity of citizenship. Plaintiff filed this case in a federal court and the federal government is the sole defendant.

This court's orders in this case also made it abundantly clear that the parties were required to comply with the federal rules and the court's local rules governing summary judgment practice. *See* ECF No. 11 (parties must follow "the rules set forth in the Federal Rules of Civil Procedure and the court's local rules."); ECF No. 48 ("The parties shall comply with Local Rule 56.1 with respect to making a motion for summary judgment and the filing of a response to the motion."). To repeat, the standards in the Federal Rules of Civil Procedure, the local rules of this court and the orders entered in this case govern the pending summary judgment motion.

Plaintiff's counsel compounds his error by arguing that the government improperly relied upon affidavits and alleged self-serving statements of its own agents to support its summary judgment motion. (ECF No. 57 at 7-9). Counsel cites *Borough of Nanty-Glo v. American Surety Company of New York*, 163 A. 523 (Pa. 1932), for the proposition that "[i]t is irrelevant how indisputable and clear the defendant paints this evidence to be, it is nevertheless the province of

3

the jury to decide." (ECF No. 57 at 7-9). The *Nanty-Glo* rule has no relevance in this case. As explained in *Hughes v. Badaracco-Apolito*, No. 3:14-CV-1839, 2016 WL 775187 (M.D. Pa. Feb. 29, 2016): "Whatever effect the *Nanty–Glo* rule may have on state practice, reliance on this rule is misplaced in the instant federal case, as courts in this circuit have consistently found that this state-law procedural rule has no application to motions for summary judgment in federal court." *Id.* at *10–11 (numerous citations omitted). In federal court, "a motion for summary judgment can be granted based on uncontradicted self-serving testimony of a moving party's witness." *Id.* (citations omitted). Plaintiff's protestations regarding usurpation of the jury's role are particularly inappropriate in this case because plaintiff would not be entitled to a jury trial, in any event. For claims arising under the FTCA, 28 U.S.C. § 1346(b)(1), "cases shall be tried by the court without a jury." 28 U.S.C. § 2402.

Plaintiff argues that Pennsylvania law governs the expert evidence submitted by the United States in this case. (ECF No. 57 at 11-12). Plaintiff cites *Kozak v. Struth*, 531 A.2d 420, 423 (Pa. 1987), and *Commonwealth v. Rounds*, 542 A.2d 997, 999 (Pa. 1988), for the proposition that Pennsylvania courts have rejected the federal approach and require an expert's opinions to be presented to the jury at trial. (ECF No. 57 at 11-12). Plaintiff is incorrect. Federal Rule of Evidence 702 -- not Pennsylvania law -- governs the admissibility of expert testimony in this FTCA case. *See Ellison v. United States*, 753 F. Supp. 2d 468, 475 (E.D. Pa. 2010) (applying F.R.E. 702 in FTCA case). As explained above, federal law, the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the local rules of this court and the orders entered in this case govern whether summary judgment is appropriate based upon an evidentiary record containing expert evidence.

the jury to decide." (ECF No. 57 at 7-9). The *Nanty-Glo* rule has no relevance in this case. As explained in *Hughes v. Badaracco-Apolito*, No. 3:14-CV-1839, 2016 WL 775187 (M.D. Pa. Feb. 29, 2016): "Whatever effect the *Nanty–Glo* rule may have on state practice, reliance on this rule is misplaced in the instant federal case, as courts in this circuit have consistently found that this state-law procedural rule has no application to motions for summary judgment in federal court." *Id.* at *10–11 (numerous citations omitted). In federal court, "a motion for summary judgment can be granted based on uncontradicted self-serving testimony of a moving party's witness." *Id.* (citations omitted). Plaintiff's protestations regarding usurpation of the jury's role are particularly inappropriate in this case because plaintiff would not be entitled to a jury trial, in any event. For claims arising under the FTCA, 28 U.S.C. § 1346(b)(1), "cases shall be tried by the court without a jury." 28 U.S.C. § 2402.

Plaintiff argues that Pennsylvania law governs the expert evidence submitted by the United States in this case. (ECF No. 57 at 11-12). Plaintiff cites *Kozak v. Struth*, 531 A.2d 420, 423 (Pa. 1987), and *Commonwealth v. Rounds*, 542 A.2d 997, 999 (Pa. 1988), for the proposition that Pennsylvania courts have rejected the federal approach and require an expert's opinions to be presented to the jury at trial. (ECF No. 57 at 11-12). Plaintiff is incorrect. Federal Rule of Evidence 702 -- not Pennsylvania law -- governs the admissibility of expert testimony in this FTCA case. *See Ellison v. United States*, 753 F. Supp. 2d 468, 475 (E.D. Pa. 2010) (applying F.R.E. 702 in FTCA case). As explained above, federal law, the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the local rules of this court and the orders entered in this case govern whether summary judgment is appropriate based upon an evidentiary record containing expert evidence.

The JSMF shows clearly that Plaintiff did not comply with these authorities. Local Rule 56.C provides:

> **C. Opposition Requirements.** Within 30 days of service of the motion for summary judgment, the opposing party shall file:
>
> > **1. A Responsive Concise Statement.** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
> >
> > > a. admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
> > > b. setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LCvR 56.B.1 for instructions regarding format and annotation); and
> > >
> > > c. setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment.

In this case, the government submitted fifty-nine statements of fact. To all but one of these, Plaintiff responded with boilerplate, generalized denials, to wit: "Defendants' cited exhibits speak for themselves"; "plaintiff would have no way of affirming or disproving the averment . . . as plaintiff was not involved"; and "plaintiff has not yet been afforded the opportunity to cross-examine the [witness] to determine the truth and veracity of his declaration, which is ultimately the province of the jury." (ECF Nos. 56, 62).[2] Plaintiff did not provide appropriate references to the record to support the basis for his denials or point to genuine disputes of material fact. Because discovery was closed, Plaintiff could not excuse his failure to respond by claiming lack of knowledge. *See Bouriez v. Carnegie Mellon Univ.*, 2005 WL 2106582, *3-4 (W.D. Pa., Aug.26, 2005) (holding that "lack of knowledge denials" without support in the record will be

---

[2] The only fact that was admitted was that McCluskey visited the VA hospital on January 28, 2013. (ECF No. 62 ¶ 23).

5

ignored and the court will deem those concise statements of material fact to be undisputed). Plaintiff was required to respond specifically and in detail, with citation to actual evidence of record to show genuine disputes of material fact. He did not do so.

There can be severe consequences for not properly responding to a moving party's concise statement of material facts.[3] Any alleged material facts "set forth in the moving party's Concise Statement of Material Facts . . . which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." L. Cv. R. 56.E. *See Jackson v. PNC Bank*, No. CV 15-230, 2016 WL 7324595, at *1 (W.D. Pa. Dec. 16, 2016). Plaintiff's improper boilerplate responses result in the vast majority of government's CSMFs being deemed admitted.

Plaintiff did submit ten additional facts as contemplated by Local Rule 56.C.1.c. (ECF Nos. 56, 62). Plaintiff's counsel failed to cite any evidence for three of those facts; Plaintiff cited only to the allegations in the complaint. (ECF No. 62 ¶¶ 60, 63, 67). These "facts" will be disregarded. *See Gourmet Gallery Crown Bay, Inc. v. Tropical Shipping & Constr. Co. Ltd*., No. CV 2014-51, 2014 WL 5472583, at *1 n.2 (D.V.I. Oct. 29, 2014) (citing *Celotex*) ("Allegations contained in a complaint are not evidence and cannot defeat a motion for summary judgment."). Plaintiff's additional fact number 69 is supported only by citation to a newspaper article. (ECF No. 56-5). This fact will also be disregarded, because the newspaper article is inadmissible hearsay which cannot be used to defeat summary judgment. *Campbell v. City of New Kensington*, Civ. No. 05–0467, 2009 WL 3166276, *8 (W.D. Pa. Sept. 29, 2009).

---

[3] In this case, the government is entitled to summary judgment based on the lack of evidence produced by plaintiff, in addition to the facts which have been deemed admitted.

Plaintiff submitted the deposition of Joan McCluskey, the deposition of Dr. Silverman and Dr. Silverman's expert report. (ECF Nos. 56-2, 56-3, 56-4). The court will consider these exhibits in determining whether Plaintiff demonstrated there is a genuine dispute of material fact that would defeat the government's summary judgment motion.

In summary, Plaintiff's failure to properly deny the CSMFs offered by the government, and his failure to properly cite to admissible evidence in a responsive statement of facts or otherwise results in all the facts presented by the United States being deemed admitted. To repeat, the *Nanty-Glo* rule does not apply in federal court; summary judgment may be based on the affidavits and depositions of a party's own witnesses. *Miller v. Wenerowicz*, 135 F. Supp. 3d 306, 310 (E.D. Pa. 2015), *aff'd*, 648 F. App'x 161 (3d Cir. 2016). The record, however, will be viewed in the light most favorable to Plaintiff, as the nonmoving party. *Liberty Lobby*, 477 U.S. at 255.

### III.     Factual Background

The basic facts are essentially undisputed. Mr. McCluskey visited the VA hospital for routine eye examinations, glaucoma testing and new eye glasses on various occasions between 2011 and 2013. (ECF No. 62 ¶ 60). Plaintiff avers that Mr. McCluskey drank from the water fountains and ate in the cafeteria during his visits. (ECF No. 62 ¶¶ 61, 62). Mr. McCluskey visited the VA hospital on January 28, 2013. On February 9, 2013, Mr. McCluskey was hospitalized at UPMC East after complaining of body aches, fever, chills, coughing, and blood in his sputum. He was diagnosed with Legionnaires' disease. (ECF No. 62 ¶ 63).

The incubation period for Legionnaires' disease is between two and fourteen days. (ECF No. 62 ¶ 64). Plaintiff submitted the expert report of Dr. Michael Silverman, who opined that

7

Mr. McCluskey's most likely exposure to Legionnaires' disease occurred at the VA hospital on January 28, 2013. Dr. Silverman explained that this visit was within the incubation period and that "community-acquired exposure" was unlikely because none of Mr. McCluskey's family members were exposed or developed any type of respiratory tract infection during the relevant incubation period. (ECF No. 62 ¶¶ 62, 65, ECF No. 56-4).

Mr. McCluskey was discharged from UPMC East on February 21, 2013, after completing a course of antibiotics. He died two years later, on July 1, 2015. The cause of death on his death certificate was "ventricular fibrillation contributing to his death and included coronary artery disease, atrial fibrillation, diabetes mellitus and hypertension." (Silverman Report, ECF No. 56-4). Dr. Silverman opined that Legionnaires' disease was a substantial contributing factor to Mr. McCluskey's overall decline and ultimate death. (ECF No. 62 ¶ 66, 68, ECF No. 56-4).

Because the focus of the government's motion is on the lack of evidence produced by Plaintiff, the court need not review the extensive factual and expert evidence submitted by the government in great detail. Briefly summarized, Legionella bacteria are common in both natural and man-made environments in Allegheny County, Pennsylvania. Legionella pneumophila is the strain of bacteria that can cause Legionnaires' disease, which is a kind of bacterial pneumonia. (ECF No. 62 ¶ 32). Other strains, referred to as "blue/white Legionella," do not cause Legionnaires' disease. (ECF No. 62 ¶ 32).

Between January 2011 and October 2012, there was a highly-publicized outbreak of Legionnaires' disease associated with the VA hospital. The Centers for Disease Control ("CDC") conducted an on-site investigation in November 2012. On November 16, 2012, the VA reported that remedial measures recommended by the CDC were being implemented in the VA hospital immediately, in addition to a new testing protocol. The VA hospital shut down its

potable water systems and superheated, flushed, shock chlorinated and re-flushed the systems. Outside consultants from Tetra Tech, Inc. determined that this disinfection treatment was successful. (ECF No. 62 ¶ 10). New continuous chlorine pumps were added to combat any organisms in the potable water supply. On November 30, 2012, the general water restriction was lifted, although a drinking fountain shutoff remained in effect. The VA contends that from November 2012 until March 2013, the drinking fountains in the VA hospital were shut off. On January 18, 2013, the management at the VA hospital discovered that at least one water fountain remained in operation and ordered an immediate inventory to make sure that every water fountain was turned off. (ECF No. 53-13). The same day, staff confirmed that all drinking fountains in Building 1, where the eye clinic and cafeteria are located, had been shut off. (ECF No. 53-14).[4] The VA conducted extensive environmental sampling at the VA hospital. Samples conducted on January 28, 2013, showed that there were no positive tests for Legionella pneumophila at the VA hospital.

After Mr. McCluskey tested positive for Legionnaires' disease, the Allegheny County Health Department investigated. It determined that Mr. McCluskey was not part of the VA outbreak because the CDC's genetic testing showed that his sample was "not related to the VA strain." (ECF No. 53-19 at 2-3). All the patients infected in the outbreak at the VA hospital from January 2011 to October 2012 were afflicted with strain ST 1395. (ECF No. 62 ¶ 52). The strain of Legionella in Mr. McCluskey's sample was ST 224, a strain that has never been found at the VA hospital. (ECF No. 62 ¶¶ 48, 57).

---

[4] For the purpose of this summary judgment motion, the court will assume that Mr. McCluskey did drink from a water fountain at the VA hospital on January 28, 2012.

**IV.     Legal Analysis**

The FTCA provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Therefore, the court will look to the substantive negligence law of Pennsylvania. *See Davila v. Patel*, 415 F. Supp. 2d 528, 529 (E.D. Pa. 2005). As Plaintiff recognizes, to prevail on a negligence claim it is the plaintiff's burden to show that (1) the defendant owed a duty to him; (2) the defendant breached that duty; (3) the plaintiff suffered harm; and (4) there was a causal relationship between the breach of duty and the harm. ECF No. 57 at 4 (*citing Freed v. Geisinger Med. Ctr.*, 910 A.2d 68, 72 (Pa. Super. Ct. 2006). In the complaint, Plaintiff asserted claims for negligence and professional negligence under the FTCA. Plaintiff did not address the "professional negligence" claim in his summary judgment brief.[5] Instead, he argues that "this case involves the negligence of a hospital, and should be analyzed under Pennsylvania's doctrine of corporate negligence." ECF No. 57 at 4.

In *Thompson v. Nason Hospital*, 591 A.2d 703 (Pa. 1991), the Pennsylvania Supreme Court explained that corporate negligence is "a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital." *Id.* at 707. Under this theory, a hospital could be liable to a patient if the hospital breached: (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; or (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality

---

[5] A plaintiff's failure to address a claim in his response to a summary judgment motion constitutes abandonment of that claim. *Baldwin v. Monterey Fin. Servs., Inc.*, No. 3:14-CV-2346, 2016 WL 5723734, at *14 n.2 (M.D. Pa. Sept. 30, 2016).

care for the patients. *Robinson v. Corizon Health, Inc*., No. CV 12-1271, 2016 WL 7235314, at *14 (E.D. Pa. Dec. 13, 2016).

In *Johnson v. Stempler*, No. CIV.A. 00-711, 2005 WL 119575, at *8 (E.D. Pa. Jan. 20, 2005), *aff'd*, 373 F. App'x 151 (3d Cir. 2010), the court explained that a plaintiff must submit expert testimony to make out a prima facie case under the "corporate negligence" doctrine. "Just as with medical malpractice, plaintiffs in corporate negligence suits are required to present expert testimony to establish a prima facie case against the defendant where the negligence is not 'obvious.'" *Id*. (*citing Welsh v. Bulger*, 698 A.2d 581, 585 (Pa. 1997). Unless a hospital's negligence is obvious, a plaintiff must produce expert testimony to establish that the hospital deviated from an accepted standard of care and that the deviation was a substantial factor in causing the harm to the plaintiff." *Welsh,* 698 A.2d at 585.

The government contends that Plaintiff failed to produce any evidence about the breach of a duty or causation, which are essential elements of the claims, and on which he bears the burden of proof. With respect to the alleged breach of duty, the government argues that Plaintiff failed to produce any evidence that the VA responded improperly to the Legionella outbreak at the VA hospital. With respect to causation, the government contends that the Legionella outbreak had been remediated prior to McCluskey's visit on January 28, 2013, that the water fountains were turned off that day, and that the strain of Legionella bacteria that caused McCluskey's illness, ST 224, has never been found at the VA hospital. Because the court concludes that there is no evidence that the United States breached the appropriate standard of care, it does not reach the causation issues.

Plaintiff failed to present any evidence or legal authority regarding an alleged breach of duty by the VA. The entirety of Plaintiff's position on breach of duty is the following

conclusory statement: "Also apparent is that plaintiff alleged that defendant breached the standard of care in a variety of ways." ECF No. 57 at 10 (citing to the complaint). The complaint alleges, inter alia, that the VA failed to maintain the water system at the VA hospital and allowed Legionella bacteria to grow to "epidemic proportions," failed to hire and train employees to properly maintain the water system, failed to correct problems by heating, flushing and hyper-chlorinating the system, failed to test, and failed to bring in outside experts; Plaintiff alleged that the VA was negligent in allowing McCluskey to be exposed to Legionnaires' disease at the VA hospital. (ECF No. 1 ¶¶ 81, 92). As explained above, the allegations of the complaint do not constitute evidence at the summary judgment stage.[6] Plaintiff submitted no evidence to support these allegations.[7]

Plaintiff produced no expert testimony regarding breach of duty. Dr. Silverman's opinion was limited to causation – i.e., that McCluskey had been exposed to the Legionella organism at the VA hospital. *See* Silverman Report, ECF No. 56-4. Silverman confirmed in his deposition that he did not intend to offer any other opinions. Silverman Dep. at 7, ECF No. 53-2. Thus, Plaintiff failed to meet his burden to present expert evidence to establish this element of his prima facie case of corporate negligence, as mandated by *Johnson* and *Welsh*.

The deposition testimony of Plaintiff's expert actually reinforces the government's contention that there was no breach of duty in this case. Dr. Silverman agreed that it is impossible to completely eradicate Legionella from a water supply and a facility could have the

---

[6] Paragraph 67 of Plaintiff's "additional facts" states: "Defendant failed to follow and review its own Legionella control policies and procedures." (ECF No. 62 ¶ 67). The court does not accept this conclusory allegation because it is not supported by any actual evidence. Instead, Plaintiff cites only the allegations of the complaint.

[7] To the extent Plaintiff argues the breach of a duty was obvious, he cannot prevail. The facts adduced by the government, which were not properly disputed by Plaintiff, showed that the conditions that existed with the water supply in the VA hospital had been ameliorated by January 28, 2013, the date Mr. McCluskey drank from a water fountain.

best Legionella prevention system in the world and a patient could still be exposed to Legionella. Silverman Dep. at 17, 60. Dr. Silverman testified that he could not identify any breach of duty by the VA, as follows:

> Q: Based on your review, between November of 2012 when the CDC was at the VA University Drive Hospital and Febraury 2013, are there any other measures that this hospital could have taken in the way of sampling or typing to do a better job at trying to get a grip on this problem?
>
> A: Again, I'm not an expert in this case – in this field of infection control methods or of evaluation and management. I mean they seemed like they did their homework.
>
> Q: And as you're sitting here now, there's nothing that you can recommend that they should have done differently, right?
>
> A: Yes.

Silverman Dep. at 67. Silverman agreed that the VA had made a "mass effort" to combat the outbreak and confirmed that he was not suggesting that the VA was less than diligent in following up with remedial measures after the outbreak. Silverman Dep. at 16-17.

In sum, based upon the record there is no genuine dispute of material fact regarding breach of duty. Plaintiff produced no evidence by which a reasonable fact-finder could determine that there was a lack of care by the VA. Indeed, Plaintiff's only expert witness testified that there was nothing that he could recommend that the VA should have differently done. Plaintiff failed to show there was a genuine material question of fact about an essential element of his corporate negligence claim and the government is entitled to summary judgment. *See Abuhouran v. United States*, 389 F. App'x 179, 183-84 (3d Cir. 2010) (nonprecedential) (granting summary judgment in FTCA case where the plaintiff failed to produce evidence of each element of a negligence claim); *Flaherty v. Legum & Norman Realty, Inc.*, 281 F. App'x 232, 235 (4th Cir. 2008) (nonprecedential) (granting summary judgment in Legionnaires' case

where plaintiff failed to produce competent expert testimony to establish a breach of the duty of care).

## V.     Conclusion

For the foregoing reasons, the United States' motion for summary judgment will be granted. An appropriate order and judgment will be entered contemporaneously with this opinion.

DATED:  February 16, 2017

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACQUELYN L. SCHULTZ** | ) | CIVIL ACTION NO. 15-454 |
| *Administratrix of the Estate of John C.* | ) | |
| *McCluskey, Deceased.* | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW this 16th day of February, 2017, upon consideration of the United States' motion for summary judgment, IT IS HEREBY ORDERED that for the reasons set forth in the accompanying memorandum opinion, the United States' motion (ECF No. 52) is **GRANTED**.

                        BY THE COURT:

                        */s/ Joy Flowers Conti*
                        Joy Flowers Conti
                        Chief United States District Judge